UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

April 3, 2019

LETTER TO COUNSEL:

    RE:   *Jody R-S. v. Nancy A. Berryhill, Acting Commissioner of Social Security*
           Civil No. TJS-18-1715

Dear Counsel:

On June 11, 2018, Plaintiff Jody R-S.[1] petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 15 & 16.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Acting Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

In her application for DIB, Jody R-S. alleged a disability onset date of July 3, 2001. (Tr. 83-84, 97.) Her application was denied initially and on reconsideration. (Tr. 66-67, 79-81.) A hearing was held before an Administrative Law Judge ("ALJ") on April 10, 2017, (Tr. 394-463), and the ALJ found that Jody R-S. was not disabled under the Social Security Act (Tr. 20-31). The Appeals Council denied Jody R-S.'s request for review (Tr. 5-8), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ evaluated Jody R-S.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Jody R-S. was not engaged in substantial gainful activity and had not been engaged in substantial gainful activity from July 3, 2001, through her date last insured of December 31, 2007. (Tr. 22.) At step two, the ALJ found that Jody R-S. suffered from the following severe impairments: degenerative disc disease of the cervical and lumbar spine, obesity, depression, and anxiety. (*Id.*) At step three, the

---

[1] On October 10, 2018, the Court's bench adopted a local practice of using the first name and last initial of non-government parties in Court-issued opinions in Social Security cases. This practice is designed to shield the sensitive personal information of Social Security claimants from public disclosure.

[2] This case was originally assigned to Magistrate Judge Stephanie A. Gallagher. On February 28, 2019, the case was reassigned to me.

ALJ found Jody R-S.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 23.) The ALJ determined that Jody R-S. retained the residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 404.1567(a) with the following non-exertional limitations: occasionally climbing ramps or stairs, balancing, stooping, kneeling, crouching, and crawling; never climbing ladders, ropes or scaffolds; avoiding even moderate exposure to workplace hazards; carrying out simple tasks in 2-hour increments with 10- to 15- minute breaks in between; having occasional interaction with coworkers and supervisors, but no direct interaction with the general public; and adapting to simple changes in a routine work setting.

(Tr. 25.)

At step four, pursuant to 20 C.F.R. § 404.1520(h), the ALJ concluded that a determination of whether Jody R-S. could perform past relevant work was unnecessary. (Tr. 29.) At step five, relying on the testimony of a vocational expert, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Jody R-S. can perform, including inspector, packer, and general office helper. (Tr. 29-30.) Therefore, the ALJ found that Jody R-S. was not disabled under the Social Security Act. (Tr. 30.)

Jody R-S. presents five arguments in this appeal: (1) that the ALJ improperly relied on the testimony of a vocational expert; (2) that the ALJ did not adequately explain how she reached her RFC determination; (3) that the ALJ did not adequately account for Jody R-S.'s moderate difficulties in maintaining concentration, persistence, and pace; (4) that the ALJ improperly weighed the opinion of a State Agency consultative examiner; and (5) that the ALJ improperly considered Jody R-S.'s subjective complaints. The Court will focus on Jody R-S's third argument because it is a recurring issue in Social Security appeals and because it is meritorious.

Jody R-S. argues that the ALJ's RFC determination does not take into account her moderate difficulties in maintaining concentration, persistence, and pace, and therefore runs afoul of the Fourth Circuit's decision in *Mascio*, 780 F.3d 632. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*

In her decision, the ALJ discussed Jody R-S.'s moderate limitations with regard to concentration, persistence, and pace as part of the step three analysis. The ALJ noted that "[w]ith regard to concentrating, persisting, or maintaining pace, the claimant had moderate limitations." (Tr. 24.) The ALJ made note of Jody R-S.'s testimony that she regulated her own dosage of medication "as she 'didn't want to be a zombie,'" that she was easily distracted and sometimes

2

was unable to complete a simple grocery list, and that she was generally unable to concentrate. (Tr. 24-25.) The ALJ also noted that Jody R-S. "was able to maintain part-time employment as a youth basketball clock/time keeper, which requires significant capacity to concentrate, persist and maintain pace." (Tr. 25.) Because the ALJ made this note at the end of her discussion of Jody R-S.' moderate difficulties in maintaining concentration, persistence, and pace, the Court presumes that it was included to demonstrate that Jody R-S. has no more than moderate difficulties in these areas.

Although the ALJ concluded that Jody R-S. has moderate difficulties in maintaining concentration, persistence, and pace, the RFC assessment does not account for these moderate difficulties. The RFC assessment limits Jody R-S. to work that involves only "simple tasks in 2-hour increments with 10- to 15- minute breaks in-between" (Tr. 25), but this does not account for her moderate difficulties in concentration, persistence, and pace. *See Mascio*, 780 F.3d at 638. Jody R-S. might be able to perform simple, routine tasks for a short period of time but unable to sustain her performance for a full workday and workweek.[3] *See McDonald v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-3041, 2017 WL 3037554, at *4 (D. Md. July 18, 2017) (holding that an RFC limiting a claimant to "simple, routine, and repetitive tasks" did not adequately account for the claimant's ability to sustain work throughout an eight-hour workday where the claimant had moderate difficulties in concentration, persistence, and pace).

The Acting Commissioner argues that this case is distinguishable from *Mascio* because the ALJ "sufficiently addressed" how Jody R-S.'s moderate difficulties in concentration, persistence, and pace affected her ability to stay on task and why those difficulties did not warrant limitations beyond those contained in the RFC determination. (ECF No. 16-1 at 9.) In support of her argument, the Acting Commissioner points to the ALJ's recognition that despite Jody R-S.'s claim that she had difficulty concentrating long enough to write a grocery list, she also "managed to work part-time as a youth basketball clock operator, a job which requires significant capacity to concentrate, persist, and maintain pace." (*Id.*) It may be that Jody R-S. has been able work as a youth basketball clock operator on a part-time basis, but this does not explain why limitations were not included in the RFC assessment to account for Jody R-S.'s moderate difficulties in concentration, persistence, and pace. First, this work was performed only on a part-time basis and the ALJ offered no explanation as to how such work could serve as a useful proxy for the ability of Jody R-S. to sustain her concentration throughout a full workday and workweek. Second, the ALJ did not construct a "logical bridge" between this finding and any conclusion. It is not clear to the Court whether the ALJ included this finding to bolster her conclusion that Jody R-S. was only moderately

---

[3] A "normal 8-hour workday already includes breaks approximately every two (2) hours." *Capps v. Berryhill*, No. CBD-17-2438, 2018 WL 4616018, at *5 (D. Md. Sept. 26, 2018) (citing *Steele v. Comm'r, Soc. Sec.*, No. MJG-15-1725, 2016 WL 1427014, at *4 (D. Md. Apr. 11, 2016) and SSR 96-9P, 1996 WL 374184 (S.S.A.) (noting that a normal workday already includes a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals); *see also Puryear v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-3386, 2016 WL 4444660, at *3 n.2 (D. Md. Aug. 23, 2016) (concluding that limiting a claimant to work done in two-hour increments "does not adequately address a moderate limitation in concentration, persistence, or pace").
.

limited in the areas of concentration, persistence, and pace, or whether the ALJ included it to show that Jody R-S. was not actually as limited as she testified.[4]

The ALJ's limitation of Jody R-S. to "simple tasks" is not sufficient to account for her moderate difficulties in concentration, persistence, and pace, and the ALJ did not provide the explanation required by *Mascio* as to why additional limitations in the RFC were not required. Without an explanation, the Court is unable to find that the RFC determination represents an accurate characterization of Jody R-S.'s ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. *See Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019). The ALJ's decision is insufficient to allow the Court to review the ALJ's findings to determine whether they are supported by substantial evidence and without legal error. In light of this finding, I decline to address Jody R-S.'s other arguments.

Considering the Fourth Circuit's clear guidance in *Mascio*, this case must be remanded so that the ALJ can explain how Jody R-S.'s difficulties in the areas of concentration, persistence, and pace can be incorporated into the RFC assessment, or why no additional limitation is necessary to account for these difficulties. *See Miles v. Comm'r*, No. SAG-16-1397, 2016 WL 6901985, at *2 (D. Md. Nov. 23, 2016) (finding that because there was no "corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses [the claimant's] ability to sustain work throughout an eight-hour workday," the Court was "unable to ascertain from the ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace."); *see also Folsom v. Berryhill*, No. TMD-16-1681, 2017 WL 4354875, at *3 (D. Md. Sept. 30, 2017) (finding that an ALJ's failure to explain how a claimant's concentration could persist through an eight-hour workday required remand because such an error "precludes meaningful review"); *Thomas v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-1229, 2017 WL 1193990, at *2 (D. Md. Mar. 29, 2017) (declining to consider whether an error might be harmless where an ALJ's "RFC analysis did not specifically address [a claimant's] ability to sustain concentration" despite findings that he had "moderate limitations in sustained concentration and persistence"). On remand, the ALJ should either account for Jody R-S.'s moderate difficulties in concentration, persistence, and pace, or explain why they do not "translate into [such] a limitation." *Mascio*, 780 F.3d at 638. The Court makes no finding as to the merits of the ALJ's ultimate finding that Jody R-S. is not disabled.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 15 & 16) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Acting Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

---

[4] The Court also notes the ALJ's finding that Jody R-S. "began painting" during the same period that she claimed that she could not finish writing a grocery list. (Tr. 27.) Again, it is not clear how this finding relates to Jody R-S.'s moderate difficulties in maintaining concentration, persistence, and pace.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge